UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

                                               Docket No.: 1:16-cv-4412 (FB)(SMG)

                Plaintiffs,

        -against-


ROSE MARIE MONICA PHILLIP, M.D., et al.,

               Defendants.

-------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ROSE MARIE MONICA PHILLIP, M.D., VARUZHAN DOVLATYAN, M.D., ARISDOV MEDICAL, P.C., HARMONY ANESTHESIOLOGY, P.C., MEDICAL ONE NEW YORK, P.C., PARK SLOPE MEDICAL ONE, P.C., PARK SLOPE MEDICAL ONE COMPLETE SERVICES, P.C., JAMAICA MEDICAL ONE, PLLC,


RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
RR File: 5100-981
Telephone: (516) 357-3000
Facsimile: (516) 357-3333

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

RELEVANT FACTS ........................................................................................................... 2

    I.    Pertinent Procedural History ............................................................................ 2

    II.    GEICO's Allegations against the Defaulting Defendants .................................... 2

ARGUMENT ....................................................................................................................... 4

    I.    The Standards on This Motion ........................................................................... 4

    II.    The Facts Set Forth in GEICO's Complaint Establish GEICO's Entitlement to a Default Judgment against the Defaulting Defendants ................................................ 7

        A.    GEICO is Entitled to a Default Judgment Against The Defaulting Defendants on its First Cause of Action for a Declaratory Judgment .............................. 7

        B.    GEICO is Entitled to a Default Judgment against the Defaulting Defendants on its Causes of Action for Common Law Fraud ............................................ 10

        C.    GEICO Is Entitled to a Default Judgment Against the Defaulting Defendants on its Causes of Action for Unjust Enrichment ........................................... 15

        D.    GEICO is Entitled to Default Judgment Against Phillip and Dovlatyan on its Substantive RICO 18 U.S.C. § 1962(c) Causes of Action ........................... 15

            1.    The Enterprises ................................................................................. 16

            2.    The Racketeering Activities .............................................................. 16

            3.    The Participation ............................................................................... 17

            4.    The Patterns ...................................................................................... 18

        E.    GEICO is Entitled to Default Judgment Against Phillip and Dovlatyan on its Substantive RICO 18 U.S.C. § 1962(d) Conspiracy Causes of Action ...... 21

    III.    GEICO is Entitled to Treble Damages on its RICO Claims ................................ 22

    IV.    GEICO is Entitled to Pre-Judgment Interest on its Fraud Claims ....................... 23

    V.    The Court Should Impose Joint and Several Liability ....................................... 24

    VI.    The Court Should Impose Joint and Several Liability With Respect to GEICO's RICO Conspiracy Claims .............................................................................. 24

    CONCLUSION .............................................................................................................. 25

i

.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Acito v. IMCERA Group, Inc.,
  47 F.3d 47 (2d Cir. 1995) ............................................................................. 11

Action S.A. v. Marc Rich & Co.,
  951 F.2d 504 (2d Cir. 1991) ........................................................................... 6

AIU Insurance Co. v. Olmecs Med. Supply, Inc.,
  2005 U.S. Dist. LEXIS 29666 (E.D.N.Y. 2005) ........................................... 14

Allstate Ins. Co. v. Ahmed Halima,
  2009 U.S. Dist. LEXIS 22443 (E.D.N.Y. 2009) ........................... 4, 11, 14, 18

Allstate Ins. Co. v. Bogoraz,
  818 F. Supp. 2d 544 (E.D.N.Y. 2011) ........................................................... 18

Allstate Ins. Co. v. Dublin,
  2015 U.S. Dist. LEXIS 125763 (E.D.N.Y. 2015) ........................................ 11

Allstate Ins. Co. v. Howell,
  2013 WL 5447152 (E.D.N.Y. 2013) .............................................................. 23

Allstate Ins. Co. v. Khaimov,
  2013 U.S. Dist. LEXIS 184872 (E.D.N.Y. 2013) ......................................... 24

Allstate Ins. Co. v. Lyons,
  843 F. Supp. 2d 358 (E.D.N.Y. 2012) ......................................... 4, 11, 13, 14, 16, 20

Allstate Ins. Co. v. Mirvis,
  2015 U.S. Dist. LEXIS 37780 (E.D.N.Y. Mar. 2015) ........................... 17, 18, 22

Allstate Ins. Co. v. Nazarov,
  2015 U.S.Dist. LEXIS 134481 (E.D.N.Y. 2015) ........................................ 16

Allstate Ins. Co. v. Polack,
  2012 U.S. Dist. LEXIS 141927 (E.D.N.Y. 2012) ................................. 6, 9, 11

Allstate Ins. Co. v. Smirnov,
  2013 U.S. Dist. LEXIS 138180 (E.D.N.Y. 2013) ..................... 5, 9, 11, 17, 18, 22, 24

Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.,
  2009 U.S. Dist. LEXIS 91291 (E.D.N.Y. 2009) ..................... 4, 16, 18, 22

Allstate Ins. Co. v. Williams,
    2014 U.S. Dist. LEXIS 170191 (E.D.N.Y. 2014) ............................................... 6, 11

Allstate Ins. Co. v. Etienne,
    2010 U.S. Dist. LEXIS 113995 (E.D.N.Y. 2010) ................................................. 13

Allstate Ins. Co. v. Williams,
    2015 U.S. Dist. LEXIS 126020 (E.D.N.Y. 2015) .................... 9, 11, 14, 16, 17, 18, 20, 22, 23

American Home Assurance Co. v. Morris Industrial Builders, Inc.,
    192 A.D.2d 477, 597 N.Y.S.2d 27 (2d Dept. 1993) ............................................. 23

Au Bon Pain Corp. v. Artect, Inc.,
    653 F.2d 61 (2d Cir. 1981) ............................................................................. 4

Cardinal Chem. Co. v. Morton Int'l, Inc.,
    508 U.S. 83 (1993) ...................................................................................... 7

Cont'l Ins. Co. v. Huff Enters.,
    2009 U.S. Dist. LEXIS 104126 (E.D.N.Y. 2011) ................................................. 4

County of Suffolk v. Amerada Hess Corp.,
    447 F. Supp. 2d 289 (S.D.N.Y. 2006) ............................................................. 24

De Falco v. Bernas,
    244 F.3d 286 (2d Cir. 2001) ..................................................................... 17, 19

E.R. Squibb & Sons, Inc. v. Lloyd's & Co.,
    241 F.3d 154 (2d Cir. 2001) .......................................................................... 7

GEICO v. Alrof, Inc.,
    2013 U.S. Dist. LEXIS 135880 (E.D.N.Y. 2013) ................................................ 12

Godfrey v. Soto,
    2007 U.S. Dist. LEXIS 103798 (E.D.N.Y. 2007) ................................................ 24

Golden Pacific Bancorp v. F.D.I.C.,
    273 F.3d 509 (2d Cir. 2001) ......................................................................... 15

Gov't Emples. Ins. Co., et al. v. Damien,
    2011 U.S. Dist. LEXIS 138365 (E.D.N.Y. 2011) .......................... 6, 13, 14, 15, 16, 18, 19, 23

Gov't Emples. Ins. Co. v. AMD Chiropractic, P.C.,
    2013 U.S. Dist. LEXIS 130695 (E.D.N.Y. 2013) ................................................. 4

Gov't Emples. Ins. Co. v. Badia,
    2015 U.S. Dist. LEXIS 35224 (E.D.N.Y. 2015)...... 5, 6, 11, 12, 13, 14, 15, 16, 17, 20, 22, 24

Gov't Emples. Ins. Co. v. Esses,
    2013 U.S. Dist. LEXIS 184213 (E.D.N.Y. 2013) ................................. 6, 9, 11, 17, 22

Gov't Emples. Ins. Co. v. Eva Gateva, M.D.,
    2014 U.S. Dist. LEXIS 44878 (E.D.N.Y. 2014) .............5, 9, 11, 13, 14, 15, 16, 17, 18, 22, 23

Gov't Emples. Ins. Co. v. Hollis Medical Care, P.C.,
    2011 U.S. Dist. LEXIS 130721 (E.D.N.Y. 2011) .................................................4, 12, 17, 22

Gov't Emples. Ins. Co. v. Iav Med. Supply,
    2013 U.S. Dist. LEXIS 28609 (E.D.N.Y. 2013) .......................................................................5

Gov't Emples. Ins. Co. v. Infinity Health Prods.,
    2012 U.S. Dist. LEXIS 58058 (E.D.N.Y. 2012) ...................................................5, 12, 13, 23

Gov't Emples. Ins. Co. v. Li-Elle Serv.,
    2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013) .........................................5, 9, 11, 14, 15, 24

Gov't Emples. Ins. Co. v. Premier Prof'l. Servs. LLC,
    2016 U.S. Dist. LEXIS 35447 (E.D.N.Y. 2016) .......................................................................5

Gov't Emples. Ins. Co. v. Prescott, et al.,
    1:14-cv-00057 (E.D.N.Y. Dec. 2014) .......................................................................5, 23, 24

Gov't Emples. Ins. Co. v. Sanni-Thomas,
    2015 U.S. Dist. LEXIS 135117 (E.D.N.Y. 2015) ...............5, 11, 14, 16, 17, 18, 20, 22, 23, 24

Gov't Emples. Ins. Co. v. Scheer,
    2014 U.S. Dist. LEXIS 141431 (E.D.N.Y. 2014) .........................11, 15, 17, 18, 20, 21, 22, 23

Gov't Emples. Ins. Co. v. Simakovsky,
    2015 U.S. Dist. LEXIS 13567 (E.D.N.Y. 2015) ...........................11, 14, 17, 18, 20, 22, 23, 24

Gov't Emples. Ins. Co. v. Spectrum Neurology Group, LLC,
    2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. 2016) .......................................5, 7, 9, 11, 13, 14, 24

Gov't Emples. Co. v. Zemlyansky,
    2015 U.S. Dist. LEXIS 130582 (E.D.N.Y. 2015) .....................................................................5

H.J. Inc. v. Northwestern Bell Telephone Co.,
    492 U.S. 229 (1989) ..............................................................................................................18

Kaye v. Grossman,
    202 F.3d 611 (2d Cir. 2000) ..................................................................................................15

Lazard Freres & Company v. Protective Life Insurance Company,
    108 F.3d 1531 (2d Cir. 1997) ................................................................................................13

Lerner v. Fleet Bank, N.A.,
    459 F.3d 273 (2d Cir. 2006) .............................................................................................11, 12

Lewis v. S.L. & E., Inc.,
    831 F.2d 40 (2d Cir. 1987) ....................................................................................................23

Liberty Mut. Ins. Corp. v. Brenman,
    2016 U.S. Dist. LEXIS 26360 (E.D.N.Y. 2016) ........................................................4

Liberty Mut. Ins. Co. v. Accurate Med. Diagnostics, PC,
    2014 U.S. Dist. LEXIS 174503 (E.D.N.Y. 2014) .............5, 7, 9, 11, 13, 14, 17, 18, 20, 22, 23

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
    2012 U.S. Dist. LEXIS 86303 (E.D.N.Y. 2012) ........................................................4, 12, 17

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
    879 F. Supp. 2d 243 (E.D.N.Y. 2012) ........................................................18

Liberty Mutual, et al., v. Matskina et al.,
    Docket No. 14-CV-1330 (BMC) (E.D.N.Y. 2014) ........................................................5

Manufacturers Hanover Trust Co. v. Drysdale Sec. Corp.,
    801 F.2d 13 (2d Cir.1986) ........................................................23

Maryland Casualty Co. v. Rosen,
    445 F.2d 1012 (2d Cir. 1971) ........................................................7

Metro. Transp. Auth. v. Contini,
    2005 WL 1565524 (E.D.N.Y. 2005) ........................................................19, 20

Morin v. Trupin,
    835 F. Supp. 126 (S.D.N.Y. 1993) ........................................................22

Moss v. Morgan Stanley, Inc.,
    719 F.2d 5 (2d Cir. 1993) ........................................................16

Olin Corp. v. Consol. Aluminum Corp.,
    5 F.3d 10 (2d Cir. 1993) ........................................................7

Orion Pictures Corp. v. Showtime Networks, Inc.,
    4 F.3d 1095 (2d Cir. 1993) ........................................................7

Perfect Dental, PLLC v. Allstate Insurance Company,
    538 F. Supp. 2d 543 (E.D.N.Y. 2007) ........................................................9

Powers v. British Vita, P.L.C.,
    57 F.3d 176 (2d Cir. 1995) ........................................................12

Ravo v. Rogatnick,
    70 N.Y.2d 305, 520 N.Y.S.2d 533, 514 N.E.2d 1104 (1987) ........................................................24

S&S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Group Co.,
    2012 U.S. Dist. LEXIS 38608 (E.D.N.Y. 2012) ........................................................4

Schlaifer Nance & Co. v. Estate of Warhol,
    119 F.3d 91 (2d Cir. 1997) ........................................................10

Schwimmer v. Allstate Ins. Co.,
    176 F.3d 648 (2d Cir. 1999) ............................................................................. 23

Shields v. Citytrust Bancorp,
    25 F.3d 1124 (2d Cir. 1994) ............................................................................. 13

SKS Constructors, Inc. v. Drinkwine,
    458 F. Supp. 2d 68 (E.D.N.Y. 2006) ............................................................... 19

Spool v. World Child Int'l Adoption Agency,
    520 F.3d 178 (2d Cir. 2008) ............................................................................. 18

State Farm Mut. Auto. Ins. Co. v. Cohan,
    2009 U.S. Dist. LEXIS 125653 (E.D.N.Y. 2009) .......................... 5, 6, 9, 11, 19, 20

State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,
    2008 U.S. Dist. LEXIS 71156 (E.D.N.Y. 2008) ............................... 11, 16, 17, 22

State Farm Mut. Auto. Ins. Co. v. Grafman,
    655 F. Supp. 2d 212 (E.D.N.Y. 2010) ....................................................... 12, 16

State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C.,
    589 F. Supp. 2d 221 (E.D.N.Y. 2008) ..................................................... 11, 14, 17

State Farm Mut. Auto. Ins. Co. v. Kalika,
    2006 U.S. Dist. LEXIS 97454 (E.D.N.Y. 2006) ............................................. 20

State Farm Mut. Auto. Ins. Co. v. Rabiner,
    2010 WL 4363903 (E.D.N.Y. 2010) ............................................................ 4, 11

State Farm Mut. Auto. Ins. Co. v. Eastern Medical, P.C.,
    Docket No. 05-cv-3804 (ENV) (E.D.N.Y. 2010) .............................................. 4

Terwilliger v. Terwilliger,
    206 F.3d 240 (2nd Cir. 2000) ........................................................................... 23

Tosto v. Zelaya,
    2005 U.S. Dist. LEXIS 8085 (S.D.N.Y. 2003) ................................................. 23

Transatlantic Marine Claims Agency v. Ace Shipping Corp.,
    109 F.3d 105 (2d Cir. 1997) ............................................................................... 6

United States v. Yanotti,
    541 F.3d 112 (2d Cir. 2008) ............................................................................. 22

**Statutes**

U.S.C. § 1961(1) (B) ............................................................................................ 16

18 U.S.C. § 1341 ................................................................................................. 16

18 U.S.C. § 1961(4) ................................................................................................ 16

18 U.S.C. § 1961(5) ................................................................................................ 18

18 U.S.C. § 1962(a) (c) .......................................................................................... 16

18 U.S.C. §1964(c) ................................................................................................. 22

28 U.S.C. § 2201(a) .................................................................................................. 7

18 U.S.C. § 1962(c) ................................................................................................ 15

18 U.S.C. § 1962(d) ................................................................................................ 21

**Other Authorities**

11 N.Y.C.R.R. 65-5 ................................................................................................. 3

11 N.Y.C.R.R. § 65-3.11 ......................................................................................... 8

N.Y. C.P.L.R. § 5001(b) ....................................................................................... 23

Fed. R. Civ. P. 9(b) ............................................................................................... 11

Fed. R. Civ. P. 55(a) ........................................................................................... 1, 4

Fed. R. Civ. P. 55(b) (2) ................................................................................. 1, 4, 6

Moore's Federal Practice § 55.20[4] ...................................................................... 4

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO"), respectfully submits this memorandum of law in support of Plaintiff's motion, pursuant to Fed. R. Civ. P. 55(b) (2), for default judgments against Rose Marie Monica Phillip, M.D. ("Phillip"), Varuzhan Dovlatyan, M.D. ("Dovlatyan"), Arisdov Medical, P.C. ("Arisdov"), Harmony Anesthesiology, P.C. ("Harmony"), Medical One New York, P.C. ("Medical One"), Park Slope Medical One, P.C. ("Park Slope One"), Park Slope Medical One Complete Services, P.C. ("Park Slope Complete"), Jamaica Medical One, P.L.L.C. ("Jamaica Medical")(collectively "Defaulting Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with such other and further relief as the Court may deem just and proper.

The Defaulting Defendants were duly served with the Summons and Complaint in this action but nevertheless failed to timely appear. In accordance with Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against each of the Defaulting Defendants. Given that their defaults constitute an admission to the material allegations set forth in GEICO's Complaint, the legally sufficient claims against the Defaulting Defendants permit this Court now to enter a declaratory judgment against all of the Defaulting Defendants, and also to rule in favor of GEICO with respect to its causes of action against the Defaulting Defendants for violations of the civil RICO statute, common law fraud, unjust enrichment, as well as a declaratory judgment that the Defaulting Defendants have no right to receive payment on any pending bill submitted to GEICO.

Specifically, GEICO seeks a default judgment on each of the causes of action in the complaint against the Defaulting Defendants other than the Twenty-Sixth and Twenty-Seventh causes of action.[1]

---

[1]GEICO is not seeking a default judgment on its Twenty-Sixth and Twenty-Seventh Causes of Action for RICO association in fact fraud, since the defaults under the other claims are sufficient redress for GEICO.

Accordingly, GEICO respectfully requests that default judgments be entered against the Defaulting Defendants as set forth above, and that the Court award GEICO such other and further relief as seems just and proper under the circumstances.

## RELEVANT FACTS

### I.   Pertinent Procedural History

Each of the Defaulting Defendants was served with the Summons and Complaint (the "Complaint") and all proofs of service were filed with the Court via ECF. (See accompanying September 28, 2016 Declaration of Ryan Goldberg (the "Goldberg Decl."), Docket Nos. 7-14.[2]

Due to the Defaulting Defendants' failure to appear in this action, the Clerk of the Court, on GEICO's motion, entered certificates of default against the Defaulting Defendants on September 20, 2016 and September 28, 2016 (see Docket Entry Nos. 23-28, 30, 31).

### II.   GEICO's Allegations against the Defaulting Defendants

The facts relating to the claims and the damages sought in this action are set forth more fully in the Complaint, as well as the Goldberg Decl. and Declaration of Robert Weir ("Weir Decl.") that accompany this memorandum of law, together with the exhibits annexed thereto.

Briefly, this action seeks declaratory relief and recovery of money that the Defaulting Defendants have stolen from GEICO since at least 2012 by submitting, and causing to be submitted, large-scale fraudulent no-fault billing for medically useless, and otherwise unreimburseable services including patient examinations, diagnostic testing, pain management injections, chiropractic services, and facility fees (collectively the "Fraudulent Services"). The Fraudulent Services allegedly were provided to individuals who were involved in automobile accidents and eligible for coverage under GEICO automobile insurance policies (hereinafter "Insureds"). The Fraudulent Services were provided through a series of professional corporations, namely Arisdov Medical, P.C., Harmony Anesthesiology, P.C., Medical

---

[2] Unless otherwise noted, all exhibits referenced herein are annexed to the Goldberg Decl. submitted herewith.

One New York, P.C., Park Slope Medical One, P.C., Park Slope Medical One Complete

Services, P.C., and Jamaica Medical One, P.L.L.C. (collectively, the "PC Defendants").

As alleged in the Complaint:

(i)   the Fraudulent Services were not medically necessary and were provided – to the extent that they were provided at all – pursuant to pre-determined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them;

(ii)   in many cases, the Fraudulent Services never were provided in the first instance;

(iii)  the billing codes used for the Fraudulent Services misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO;

(iv)  the Fraudulent Services were provided – to the extent that they were provided at all – pursuant to illegal kickback and self-referral arrangements amongst the Defendants and others;

(v)   in many cases, the Fraudulent Services – to the extent that they were provided at all – were provided by independent contractors, rather than by the Defendants or their employees; and

(vi)  the Defendants were not entitled to be reimbursed for facility fees in connection with the Fraudulent Services.

See Docket No. 1, passim.

In 2012, the New York State Department of Financial Services thought the situation so grave that it

adopted an emergency regulation due to "years" of abuse of the No-Fault system by certain owners and

operators of professional healthcare corporations. The Department of Financial Services noted that the

abusive fraudulent practices not only drove up the cost of insurance, but they placed in peril the quality of

health care available to the public. See 11 N.Y.C.R.R. 65-5.

## ARGUMENT

### I.     The Standards on This Motion

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court "must" enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the] rules." Id.

Where the plaintiff's claim is for a sum certain, the Clerk of the Court may enter a judgment of default pursuant to Rule 55(b) (1) (10). See Moore's Federal Practice § 55.20[4] (Matthew Bender 3d Ed). In all other cases, the party seeking the default judgment must apply to the Court. See Fed. R. Civ. P. 55(b) (2). Accordingly, GEICO's application is being made to the Court.

Upon application to the Court, "[o]nce found to be in default, a defendant is deemed to have admitted all of the well-plead allegations in the complaint pertaining to liability and the Court accepts those allegations as true." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  See also Gov't Emples. Ins. Co. v. AMD Chiropractic, P.C., 2013 U.S. Dist. LEXIS 130695 at * 8 (E.D.N.Y. 2013), adopted by 2013 U.S. Dist. LEXIS 130671 (E.D.N.Y. 2013).[3]  The Court, however, may also consider matters outside of the complaint in determining the Defaulting Defendants' liability and whether default is appropriate. See Fed. R. Civ. P. 55(b) (2); S&S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Group Co., 2012 U.S. Dist. LEXIS 38608 at *20-22 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 38605; Cont'l Ins. Co. v. Huff Enters., 2009 U.S. Dist. LEXIS 104126 at *13-16 (E.D.N.Y. 2011).  Accordingly, in

---

[3] Plaintiff notes that its claims are well plead.  In fact, there are many cases involving similar No-fault fraud schemes, involving "fraudulently incorporated" professional corporations, where the judges of the Eastern District have denied motions to dismiss claims virtually identical to those pleaded herein by GEICO. See, e.g., Liberty Ins. Corp. v. Brenman, 2016 U.S. Dist. LEXIS 26360 (E.D.N.Y. 2016); Liberty Mutual Fire Ins. Co., et al. v. Shapson,et al., 1:13-cv-05046(ENV) (PK) (E.D.N.Y. Mar. 2016); Liberty Mutual Ins. Co., et al. v. Advanced Medical Diagnostics of Queens, PC, et al., 1:13-cv-03758(ENV) (LB) (E.D.N.Y. Jan. 2016); Allstate Ins. Co., et al. v. Zelefsky, et al., 1:13-cv-05830(JFB) (AKT) (E.D.N.Y. June 2014); Allstate Ins. Co. v. Lyons, 843 F. Supp. 2d 358, 374-375 (E.D.N.Y. 2012); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 (E.D.N.Y. 2012); Gov't Emples. Ins. Co. v. Hollis Medical Care, P.C., 2011 U.S. Dist. LEXIS 130721 (E.D.N.Y. 2011); State Farm Mut. Auto. Ins. Co. v. Rabiner, 2010 WL 4363903 at *3-6 (E.D.N.Y. 2010); Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 2009 U.S. Dist. LEXIS 91291 (E.D.N.Y. 2009); Allstate Ins. Co. v. Ahmed Halima, 2009 U.S. Dist. LEXIS 22443 at *3-8 (E.D.N.Y. 2009); State Farm v. Eastern Medical, P.C., Docket No. 05-cv-3804 (ENV) (E.D.N.Y. 2010).

evaluating GEICO's application for default, the Court may consider, among other things, the Weir Decl., submitted herewith.

Notably, this Court has, in recent years, granted numerous default judgments awarding damages on virtually identical claims and allegations as contained in GEICO's complaint.  See, e.g., Liberty Mut. Ins. Co. v. Accurate Med. Diagnostics, PC, 2014 U.S. Dist. LEXIS 174503 (E.D.N.Y. 2014), adopted by 2014 U.S. Dist. LEXIS 174215 (E.D.N.Y. 2014); Liberty Mutual, et al., v. Matskina et al., Docket No. 14-CV-1330 (BMC) (E.D.N.Y. 2014); Gov't Emples. Ins. Co. v. Eva Gateva, M.D., 2014 U.S. Dist. LEXIS 44878 (E.D.N.Y. 2014).  See also  Gov't Emples. Ins. Co. v. Badia, 2015 U.S. Dist. LEXIS 35224 (E.D.N.Y. 2015) (Scanlon, J.), adopted by 2015 U.S. Dist. LEXIS 33667 (E.D.N.Y. 2015); Gov't Emples. Ins. Co. v. Li-Elle Serv., 2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013) (Scanlon, J.), adopted by 2014 U.S. Dist. LEXIS 38855 (E.D.N.Y. 2014); Gov't Emples. Ins. Co. v. Spectrum Neurology Group, LLC, 2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. 2016), adopted by Gov't Emples. Ins. Co. v. Premier Prof'l. Servs. LLC, 2016 U.S. Dist. LEXIS 35447 (E.D.N.Y. 2016); Gov't Emples. Ins. Co. v. Sanni-Thomas, 2015 U.S. Dist. LEXIS 135117 (E.D.N.Y. 2015), adopted by Gov't Emples. Co. v. Zemlyansky, 2015 U.S. Dist. LEXIS 130582 (E.D.N.Y. 2015); Gov't Emples. Ins. Co. v. Prescott, et al., 1:14-cv-00057 (E.D.N.Y. Dec. 2014) (BMC); Gov't Emples. Ins. Co. v. Iav Med. Supply, 2013 U.S. Dist. LEXIS 28609 (E.D.N.Y. 2013), adopted by 2013 U.S. Dist. LEXIS 27722 (E.D.N.Y. 2013); Gov't Emples. Ins. Co. v. Infinity Health Prods., 2012 U.S. Dist. LEXIS 58058 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 58060 (E.D.N.Y. 2012); State Farm Mut. Auto. Ins. Co. v. Cohan, 2009 U.S. Dist. LEXIS 125653 (E.D.N.Y. 2009), adopted by 2010 U.S. Dist. LEXIS 21376 (E.D.N.Y. 2010).

The Court concluded that the plaintiffs in these cases, just as GEICO has in this matter, competently alleged and sufficiently established their entitlement to judgment on the claims for declaratory judgment, fraud, unjust enrichment and RICO.  See also Allstate Ins. Co. v. Smirnov, 2013 U.S. Dist. LEXIS 138180

(E.D.N.Y. 2013); Gov't Emples. Ins. Co. v. Esses, 2013 U.S. Dist. LEXIS 184213 (E.D.N.Y. 2013);

Allstate Ins. Co. v. Polack, 2012 U.S. Dist. LEXIS 141927 (E.D.N.Y. 2012).

With respect to damages, in Cohan, supra, 2009 U.S. Dist. LEXIS 125653, at *9-10, this Court held

that "[a] default 'effectively constitutes an admission that the damages were proximately caused by the

defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is

based and caused injuries as alleged.'" "The movant must prove that the 'compensation sought relate[s] to

the damages that naturally flow from the injuries pleaded.'" Id., at *10 (quoting Greyhound Exhibit Group.

v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1993)).

While this Court may conduct a hearing under Rule 55(b) (2) to determine the amount of damages,

"[a]n evidentiary hearing is not required so long as there is a basis for the damages awarded[,]" such as

"detailed affidavits and other documentary evidence." Id. (citing Transatlantic Marine Claims Agency v.

Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) and Action S.A. v. Marc Rich & Co., 951 F.2d 504,

508 (2d Cir. 1991)) (emphasis added). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.),

Allstate Ins. Co. v. Williams, 2014 U.S. Dist. LEXIS 170191, adopted by 2014 U.S. Dist. LEXIS 168920

(E.D.N.Y. 2014); AMD Chiropractic, supra, 2013 U.S. Dist. LEXIS 130695; Gov't Emples. Ins. Co., et al.

v. Damien, 2011 U.S. Dist. LEXIS 138365 (E.D.N.Y. 2011), adopted by 2011 U.S. Dist. LEXIS 136661

(E.D.N.Y. 2011).

GEICO demonstrates below that the facts plead are legally sufficient to state each of the causes of

action asserted against the Defaulting Defendants.  In addition, in the accompanying declarations and

exhibits annexed thereto, GEICO sets forth not only an adequate basis for its claims, but also sufficient

proof of its damages such that a hearing on damages is not required.  Accordingly, GEICO respectfully

requests entry of a default judgment against the Defaulting Defendants.

**II.     The Facts Set Forth in GEICO's Complaint Establish GEICO's Entitlement to a Default Judgment against the Defaulting Defendants**

    **A.      GEICO is Entitled to a Default Judgment Against The Defaulting Defendants on its First Cause of Action for a Declaratory Judgment**

Where, as here, a party seeks a declaratory judgment from a district court, it must show the existence of an "actual case or controversy" (Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993); 28 U.S.C. § 2201(a)), which is "real and substantial … admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993) (internal citations omitted).  See also Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960.

Declaratory relief is appropriate where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or where it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings. See Maryland Casualty Co. v. Rosen, 445 F.2d 1012, 1014 (2d Cir. 1971); E.R. Squibb & Sons, Inc. v. Lloyd's & Co., 241 F.3d 154, 175 (2d Cir. 2001). In deciding whether a plaintiff has stated a claim for declaratory relief, a federal court applies the substantive law of the forum state in which it sits. See Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503. A court has broad discretion to decide whether to render a declaratory judgment. See Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1100 (2d Cir. 1993).

GEICO's establishes the existence of an actual case in controversy between GEICO and the Defaulting Defendants regarding a fraudulent scheme by the PC Defendants, Phillip and Dovlatyan in which they billed GEICO and other automobile insurers millions of dollars for medically unnecessary, illusory, and otherwise unreimbursable services.  Specifically, GEICO alleges that it has paid out more than $127,000.00 in fraudulent claims (Weir Decl. ¶ 9) and that Defaulting Defendants have commenced collection actions with respect to approximately $5,262,000.00 of outstanding bills (Id., at ¶¶

11-12). GEICO has also sufficiently alleged that the pending claims are fraudulent as the bills are part of the fraudulent scheme whereby the PC Defendants continue to seek payment for bills containing:

(i)     false and fraudulent misrepresentations that the Fraudulent Services were medically necessary and, in many cases, misrepresented to GEICO that the Fraudulent Services actually were performed. In fact, the Fraudulent Services were not medically necessary, in many cases were not actually performed, and were performed – to the extent that they were performed at all – pursuant to pre-determined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them. (see Docket No. 1 at ¶¶ 63-336);

(ii)    false and fraudulent misrepresentations in that the bills and reports submitted to GEICO by the Defendants uniformly misrepresented and exaggerated the level of the Fraudulent Services and the nature of the Fraudulent Services that purportedly were provided. (see Docket No. 1 at ¶¶ 63-336);

(iii)   false and fraudulent misrepresentations that concealed the fact that the Fraudulent Services were provided – to the extent that they were provided at all – pursuant to illegal kickback arrangements amongst the Defendants and others. (see Docket No. 1 at ¶¶ 63-336);

(iv)    false and fraudulent misrepresentations that the PC Defendants were eligible to receive PIP Benefits pursuant to Insurance Law § 5102(a)(1) and 11 N.Y.C.R.R. § 65-3.11 for the services that supposedly were performed. In fact, the PC Defendants were not eligible to seek or pursue collection of PIP Benefits for the services that supposedly were performed because the services were provided by independent contractors, to the extent that they were provided at all. (see Docket No. 1 at ¶¶ 337-347);

(v)     false and fraudulent misrepresentations that Medical One, Park Slope Medical and Park Slope Complete were entitled to reimbursement for facility fees in connection with the Fraudulent Services when they knew they were not entitled to reimbursement for such charges. (see Docket No. 1 at ¶¶ 327-336).

Because the Defaulting Defendants have defaulted and are deemed to have admitted these allegations, GEICO is entitled to a declaration that it is not obligated to pay outstanding claims by the Defaulting Defendants that currently amount to $5,262,794.98. (See, Weir Decl. at ¶ 12).

Initially, as noted above, Plaintiff's claim for declaratory judgment, and its other claims, are well pled. In fact, there are many cases alleging similar No-fault fraud schemes, involving "fraudulently

incorporated" professional corporations, where this Court has denied motions to dismiss the claims virtually identical to those pled herein by GEICO. See supra, footnote 4.

Further, on a motion for a default judgment, this Court has granted declaratory relief in substantially similar cases. See, e.g., Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960 (granting default judgment on, among other things, claim for declaratory judgment to the effect that GEICO had no obligation to pay pending no-fault claims because GEICO established the professional corporations were fraudulently incorporated, billed for services that were not provided by employees, and the medical services provided were not medically necessary); Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Eva Gateva, supra, 2014 U.S. Dist. LEXIS 44878; AMD Chiropractic, supra, 2013 U.S. Dist. LEXIS 130695; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Polack, supra, 2012 U.S. Dist. LEXIS 141927.

This Court also has granted declaratory relief in a number of cases where defendants were involved in similar schemes to defraud insurers by billing for charges that are not permissible under the no-fault laws. See, e.g., Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630 (Scanlon, J.); Williams, supra, 2015 U.S. Dist. LEXIS 126020; Cohan, 2009 U.S. Dist. LEXIS 125653 (granting declaratory relief to insurer relating to unpaid claims by dental professional corporations for services performed by independent contractors because under the no-fault laws, professional corporations have no right to bill for services of independent contractors); Perfect Dental, PLLC v. Allstate Insurance Company, 538 F. Supp. 2d 543 (E.D.N.Y. 2007). Here, GEICO alleges the pending bills submitted by the PC Defendants are not permitted under the no-fault law on the basis that the charges reflect inflated, medically unnecessary, useless and exaggerated billing (see docket No. 1 at ¶¶ 63-336), impermissible fee-splitting and illegal referral relationships (see id); charges were rendered by independent contractors and not employees of the PC Defendants (see id. at ¶¶ 337-347).

Accordingly, GEICO's Complaint establishes a proper claim for a declaratory judgment in the context of this matter, judgment should be entered declaring that GEICO is under no obligation to remit payment to the Defaulting Defendants in the aggregate amount of $5,262,794.98.

**B.     GEICO is Entitled to a Default Judgment against the Defaulting Defendants on its Causes of Action for Common Law Fraud**

A claim for common law fraud in New York requires facts demonstrating: (i) a material misrepresentation or omission of fact; (ii) made with knowledge of its falsity (i.e., scienter); (iii) reasonable reliance on the part of the plaintiff; and (iv) damages caused by the misrepresentation or omission. See Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997). Given the facts set forth in GEICO's Complaint, and the Defaulting Defendants' admissions as a result of their default, GEICO's fraud claim is legally sufficient.

First, GEICO's Complaint sets forth the actual misrepresentations and omissions that each of the Defaulting Defendants made, or caused to be made, in the billing and supporting documents that they submitted or caused to be submitted to GEICO. For example, the Complaint annexes detailed charts (Exhibits "1-6" thereto) that chronicles thousands of individual fraudulent claims wherein the Defaulting Defendants concealed the fact that: (i) the billed-for-services were not medically necessary; (ii) the billed-for-services were performed and billed pursuant to a pre-determined, fraudulent treatment and billing protocol designed solely to enrich the Defendants; (iii) the billed-for-services, in many cases, were not performed at all; (iv) the billing codes used for the services misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges that could be submitted; (v) the PC Defendants obtained its patients through the Defendants' illegal kickback and self-referral scheme; and (vi) in many cases, the billed-for services were provided – to the extent that they were provided at all – by independent contractors, rather than by Arisdov's employees. See Docket No. 1, ¶¶ 348-361, 384-390, 411-417, 438-444, 465-471, 492-498, 519-525.

10

These types of allegations of misrepresentations clearly establish fraud. See, e.g., Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.), Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Gov't Emples. Ins. Co. v. Simakovsky, 2015 U.S. Dist. LEXIS 13567 (E.D.N.Y. 2015), adopted by 2015 U.S. Dist. LEXIS 135488 (E.D.N.Y. 2015); Lyons, supra, 1:11-cv-02190 (PKC) (VVP); Allstate v. Williams, 2015 U.S. Dist. LEXIS 126020 (E.D.N.Y. 2015), adopted by Allstate Ins. Co. v. Dublin, 2015 U.S. Dist. LEXIS 125763 (E.D.N.Y. 2015); Williams, supra, 2014 U.S. Dist. LEXIS 170191, Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gov't Emples. Ins. Co. v. Scheer, 2014 U.S. Dist. LEXIS 141431 (E.D.N.Y. 2014), adopted by 2014 U.S. Dist. LEXIS 140938 (E.D.N.Y. 2014); Prescott, 1:14-cv-00057 (BMC); Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630 (Scanlon, J.). Polack, supra, 2012 U.S. Dist. LEXIS 141927; Lyons, supra, 843 F. Supp. 2d at 374-375; Rabiner, supra, 749 F. Supp. 2d at 99-100, 103; Cohan, supra, 2009 U.S. Dist. LEXIS 125653; Halima, supra, 2009 U.S. Dist. LEXIS 22443 at *23; State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at *52 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C., 589 F. Supp. 2d 221, 235-237 (E.D.N.Y. 2008). As noted above, in addition to the allegations in the Complaint, GEICO has submitted a similar set of charts in the present case, evidencing hundreds of fraudulent claims. See Docket No. 1 at Exhibits "1-6".

Second, GEICO's Complaint establishes scienter. While "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally" (Fed. R. Civ. P. 9(b)), plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995). The requisite "strong inference" of fraud may be established by either: (i) alleging facts to show that defendants had both motive and opportunity to commit fraud; or (ii) alleging facts that constitute strong circumstantial evidence of

conscious misbehavior or recklessness.'" Lerner, supra, 459 F.3d at 290-291. See also State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 227 (E.D.N.Y. 2010).

Although GEICO need only plead facts showing that the Defaulting Defendants either had both the motive and opportunity to commit fraud or facts demonstrating strong circumstantial evidence of conscious misbehavior or recklessness, the Complaint pleads facts establishing scienter through either standard.

For example, the Complaint pleads detailed facts establishing that the Defaulting Defendants masterminded and participated in a fraudulent scheme in which Phillip and Dovlatyan used the PC Defendants as vehicles to submit large-scale fraudulent no-fault insurance billing to GEICO and other insurers. The Complaint specifies that each of the Defaulting Defendants not only knew that they were submitting fraudulent claims for medical services to GEICO, but that they did so intentionally as part of a calculated scheme to profit from payment of the claims, and that they actively misrepresented and concealed information in an effort to prevent GEICO from discovering that the claims were fraudulent. See Docket No. 1 at ¶¶ 4, 46-62, 349, 351-361, 385-387, 412-414, 439-441, 466-468, 493-495, 520-522.

The Complaint further pleads detailed facts that the Defaulting Defendants acted, at minimum, with a reckless disregard for the harm that their misrepresentations might cause to GEICO. See Docket No. 1 at ¶¶ 270-282. As such, scienter is manifest. See Powers v. British Vita, P.L.C., 57 F.3d 176, 184 (2d Cir. 1995). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); GEICO v. Alrof, Inc., 2013 U.S. Dist. LEXIS 135880 (E.D.N.Y. 2013); Infinity Health Prods., supra, 2012 U.S. Dist. LEXIS 58058; Hollis Med. Care, P.C., supra, 2011 U.S. Dist. LEXIS 130721 at fn. 11 (scienter sufficiently pleaded where professional corporation was used as a vehicle to submit fraudulent claims and managed so as to maximize the number of fraudulent claims that could be submitted).

The Complaint also satisfies the scienter element because it sets forth specific facts demonstrating both a motive and the opportunity to commit fraud. Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.). "Motive entails concrete benefits that could be realized by one or more of the false statements and

wrongful nondisclosures alleged, and opportunity entails the means and likely prospect of achieving concrete benefits by the means alleged." Shields v. Citytrust Bancorp, 25 F.3d 1124, 1130 (2d Cir. 1994). In this case, the fraudulent scheme undertaken by the Defaulting Defendants not only had a "likely prospect of achieving concrete benefits" by their scheme, but it actually did realize "concrete benefits" inasmuch as the Defaulting Defendants successfully stole more than $127,000.00 from GEICO (in addition to seeking reimbursement and expected payment of an additional approximately $5,200,000.00). See Docket No. 1, passim.

Multiple Courts within this District have held substantially similar allegations sufficient to establish scienter. See, e.g., Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960; Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Lyons, supra, 1:11-cv-02190(PKC) (VVP); Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Infinity Health Prods., supra; 2012 U.S. Dist. LEXIS 58058; Lyons, 843 F. Supp. 2d at 373; Damien, supra, 2011 U.S. Dist. LEXIS 13865; Allstate Insurance. Co. v. Etienne, 2010 U.S. Dist. LEXIS 113995 (E.D.N.Y. 2010).

Third, the allegations in the Complaint sufficiently allege that GEICO reasonably and justifiably relied upon Defaulting Defendants' misrepresentations and billing submissions. See Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Lyons, supra, 843 F. Supp. 2d at 374-375. A plaintiff's reliance on intentionally fraudulent statements is reasonable without further investigation when "matters are held to be peculiarly within defendant's knowledge, . . . as [plaintiff] has no independent means of ascertaining the truth." See Lazard Freres & Company v. Protective Life Insurance Company, 108 F.3d 1531, 1542 (2d Cir. 1997).

Here, GEICO not only pleads actual reliance, it also pleads the factual basis for GEICO's reliance, thereby explaining why it was justifiable. Specifically, facts demonstrating – among other things – that: (i) the claims were falsely verified; (ii) the Defaulting Defendants acted to conceal their fraud; and (iii) GEICO was under statutory and contractual obligations to process the PC Defendants' claims within 30 days, which

forced GEICO to rely on the Defendants' facially-valid submissions. See Docket No. 1, ¶¶ 350-361. Indeed, pursuant to Section 403 of the New York State Insurance Law, all claim forms are required to be verified subject to the following warning:

> Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime . . . .

Id. at ¶ 45. Thus, the Defaulting Defendants knew that every claim form they signed and submitted verified that the information they provided was truthful and that the submission of any materially false information or concealment was a crime.

In this context, Courts regularly have found that insurers justifiably may rely on claims forms submitted in support of reimbursement under New York no-fault laws. See Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960 (plaintiff sufficiently alleged reasonable reliance by explaining GEICO's duties under the no-fault laws, and by claiming that GEICO made payments in reliance on the fact that the bills appeared, on their face, to have been submitted in accordance with the law); Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630 (Scanlon, J.); Damien, supra, 2011 U.S. Dist. LEXIS 13865; Lyons, supra, 843 F. Supp. 2d at 375; Halima, supra 2009 U.S. Dist. LEXIS 22443; Liguori, supra, 589 F. Supp. 2d at 227, 238; AIU Insurance Co. v. Olmecs Med. Supply, Inc., 2005 U.S. Dist. LEXIS 29666 at *45-47 (E.D.N.Y. 2005).

Finally, GEICO has established the requisite injury. The Complaint alleges that GEICO was injured as a result of the fraudulent scheme perpetrated by the Defaulting Defendants in that it paid $127,043.92 in reliance on the facially valid PC Defendants' billing, reasonably believing that it had an obligation to do so.

See Weir Decl. at ¶¶ 5, 8-9, Exhibit "1" annexed thereto (setting forth the actual amounts GEICO paid to the PC Defendants that it seeks to recover in this action). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Lyons, supra, 1:11-cv-02190(PKC) (VVP); Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Li-Elle Serv., 2013 U.S. Dist. LEXIS 31630 (Scanlon, J.); Damien, supra, 2011 U.S. Dist. LEXIS 13865. Accordingly, GEICO is entitled to default judgment on its Fourth, Eighth, Twelfth, Sixteenth, Twentieth, Twenty-Fourth causes of action for fraud against the Defaulting Defendants in the total amount of $127,043.92 (Weir Decl., ¶¶ 5, 8-9).

### C.   GEICO Is Entitled to a Default Judgment Against the Defaulting Defendants on its Causes of Action for Unjust Enrichment

GEICO's Complaint also establishes its claim for unjust enrichment. Recovery for unjust enrichment requires allegations establishing that: (i) the Defaulting Defendants were enriched; (ii) at GEICO's expense; and (iii) that equity and good conscience require restitution. See Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000); Golden Pacific Bancorp v. F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Li-Elle Serv., 2013 U.S. Dist. LEXIS 31630 (Scanlon, J.) (finding that "equity and good conscience requires restitution" when the defendant "received [no-fault reimbursement] payouts on claims that were either inflated or fabricated"). Given the allegations detailing the fraudulent scheme committed against GEICO by the Defaulting Defendants, GEICO has more than sufficiently established a claim for unjust enrichment against the Defaulting Defendants in the total amount of $127,043.92 (Weir Decl., ¶¶ 5, 8-9). See Docket No. 1, passim; Weir Decl. at ¶ 9 Exhibit "1" annexed thereto.

### D.   GEICO is Entitled to Default Judgment Against Phillip and Dovlatyan on its Substantive RICO 18 U.S.C. § 1962(c) Causes of Action

To state a legally-sufficient RICO claim, a plaintiff must establish that: (i) the defendant; (ii) through the commission of two or more predicate acts; (iii) constituting a pattern; (iv) of racketeering activity; (v) directly or indirectly participated; (vi) in an enterprise; (vii) the activities of which affected

interstate commerce. Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1993) (citing 18 U.S.C. § 1962(a) (c)). See also CPT Med. Servs., P.C., supra, 2008 U.S. Dist. LEXIS 71156, at *33. Given the benefit of all legitimate inferences that can be drawn from the facts alleged in the Complaint, GEICO meets these requirements and has shown that Phillip and Dovlatyan violated the RICO statute. See Allstate Ins. Co. v. Nazarov, 2015 U.S.Dist. LEXIS 134481 (E.D.N.Y. 2015) (Scanlon, J.), adopted by 2015 U.S. Dist. LEXIS 135718 (E.D.N.Y. 2015).

### 1.    The Enterprises

The RICO statute defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." See 18 U.S.C. § 1961(4). In the present case, GEICO has alleged that the PC Defendants constitute individual RICO enterprises. See Docket No. 1, ¶¶ 371, 398, 425, 452, 479, 506 and passim. This is sufficient. See, e.g., Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Gateva, supra, 2014 U.S. Dist. LEXIS 44878 at *15-16; Damien, supra, 2011 U.S. Dist. LEXIS 13865, at *18-19; Lyons, supra, 843 F. Supp. 2d at 367-369.

### 2.    The Racketeering Activities

Pursuant to U.S.C. § 1961(1) (B), "racketeering activity" is comprised of specific enumerated crimes, including mail fraud. See 18 U.S.C. § 1961(1) (B). Under the statute, a complaint must plead at least two predicate acts of "racketeering activity." See Valley Physical Medicine & Rehabilitation, P.C., supra, 2009 U.S. Dist. LEXIS 91291 at *16–20. The predicate acts alleged in the Complaint consist of numerous violations of the federal mail fraud statute, 18 U.S.C. § 1341, based upon the use of the mails to submit fraudulent billing to GEICO. See Grafman, supra, 655 F. Supp. 2d 212 at 227 (mail fraud requires that the pleading allege that defendants engaged in: (i) a scheme to defraud; (ii) to get money or property; (iii) furthered by the use of the mails). The claim/billings chart attached to the Complaint as Exhibits "1"-"6"

coupled with the specific references within the Complaint demonstrating the pervasive nature of the fraudulent billing practices, which involved the use of the United States mail system, sufficiently allege the requisite predicate acts and provide the Defaulting Defendants with specific notice of their role in the fraud and specific fraudulent activity attributable to them, including the dates on which the fraudulent billing was mailed to GEICO. See Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, 2015 U.S. Dist. LEXIS 13567; Allstate Ins. Co. v. Mirvis, 2015 U.S. Dist. LEXIS 37780 (E.D.N.Y. Mar. 2015), adopted by 2015 U.S. Dist. LEXIS 44669 (E.D.N.Y. Mar. 2015); Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Hollis Med. Care, P.C., supra, 2011 U.S. Dist. LEXIS 130721 at *25; Liguori, 589 F. Supp. 2d at 235-237; CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at *39-40 (all finding predicate acts to be sufficiently pleaded under analogous circumstances).

### 3.    The Participation

In the RICO context, "participation" means "participation in the operation or management of the enterprise." De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001). Under the "operation or management" test, to participate, directly or indirectly, in the conduct of an enterprise's affairs, "one must have some part in directing those affairs." Id. RICO liability is not limited to those with primary responsibility, nor to those with a formal position in the enterprise, but only requires some part in directing the enterprise's affairs. Id.

In this context, the Defaulting Defendants Phillip and Dovlatyan clearly "participated" in the PC Defendants enterprises in a manner sufficient to support RICO liability. As the Complaint alleges, Phillip and Dovlatyan masterminded and implemented the massive fraudulent scheme through which the PC Defendants were used to submit large-scale, fraudulent billing to GEICO and other insurers. See Docket No. 1, passim. Phillip and Dovlatyan incorporated the PC Defendants solely for the purpose of committing

fraud and submitting knowingly fraudulent billing to GEICO.  See Docket No. 1, ¶¶ 4, 47-336 and passim

The Defaulting Defendants then submitted billing known by all to be fraudulent and containing numerous

misrepresentations.  Id. These "participation" allegations are sufficient to plead civil RICO claims against

the Defaulting Defendants. See Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 263-264

(E.D.N.Y. 2012); Allstate Ins. Co. v. Bogoraz, 818 F. Supp. 2d 544, 552-553 (E.D.N.Y. 2011); Sanni-

Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020;

Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Mirvis, supra, 2015 U.S. Dist. LEXIS 37780; Accurate

Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra,

2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Damien, supra, 2011 U.S.

Dist. LEXIS 13865;  Halima, supra, 2009 U.S. Dist. LEXIS 22443.

**4.      The Patterns**

RICO provides that a "pattern of racketeering activity" must consist of "at least two acts of

racketeering activity" undertaken within 10 years. See 18 U.S.C. § 1961(5). To establish a "pattern"

sufficient to satisfy the statute, the Complaint must allege facts tending to show that "the racketeering

predicates are related, and that they amount to or pose a threat of continued criminal activity." Valley

Physical Medicine & Rehabilitation, P.C., supra, 2009 U.S. Dist. LEXIS 91291 at *11. The continuity

necessary to prove a RICO pattern can be alleged either as closed-ended continuity, or open-ended

continuity. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008).

There can be no doubt that GEICO satisfied the "relatedness" prong of the pattern inquiry,

inasmuch as GEICO alleged that the Defendants submitted hundreds of fraudulent no-fault insurance claims

to GEICO through the PC Defendants in which they misrepresented the PC Defendants' eligibility to collect

no-fault benefits and the medical necessity of the billed-for services. See, e.g., H.J. Inc. v. Northwestern Bell

Telephone Co., 492 U.S.  229, 240 (1989) (predicate acts are related if they "have the same or similar

purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by

18

distinguishing characteristics and are not isolated events."); Damien, supra, 2011 U.S. Dist. LEXIS 138365 at * 18 (insurer sufficiently alleged relatedness where it alleged a "vast number of similar fraudulent claims filed by" the defendants); Cohan, supra, 2009 U.S. Dist. LEXIS 125653 at * 29 - * 30 (relatedness satisfied where defendant submitted large number of allegedly fraudulent no-fault insurance claims to a plaintiff-insurer).

To establish open-ended continuity, a plaintiff need not show that the predicate acts extended over a substantial period of time, but rather "must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed." Bernas, supra, 244 F.3d at 323; SKS Constructors, Inc. v. Drinkwine, 458 F. Supp. 2d 68, 78 (E.D.N.Y. 2006). "The key considerations to the question of open ended continuity are the nature of the enterprise and the predicate acts alleged. … If the enterprise alleged is engaged in 'inherently unlawful' acts, there is a threat of continuing criminal activity and open ended continuity exists." Id. (Internal citation omitted).

"On the other hand, if the enterprise is engaged in a legitimate business, an allegation of open ended continuity requires evidence supporting an inference that the predicate acts are the regular way of doing business, or that the nature of the predicate acts themselves implies a threat of continuing criminal activity." SKS Constructors, Inc., supra, 458 F. Supp. 2d at 78. "A threat of continuity may be established where the predicate acts are inherently unlawful and were made in pursuit of inherently unlawful goals even if … the period spanned by the racketeering acts was short. … Essentially, if the nature of the acts indicate that the defendants had a continuing intent and ability to carry on the racketeering activity, a threat of continuity is established." Metro. Transp. Auth. v. Contini, 2005 WL 1565524 (E.D.N.Y. 2005).

By these metrics, GEICO sufficiently plead open-ended continuity. First, the Complaint alleges that the PC Defendant enterprises engaged in inherently unlawful acts – to wit, that they submitted, and continued to attempt collection on, fraudulent claims from GEICO and other New York automobile insurers. See Docket No. 1, passim.  In addition, GEICO has alleged that these inherently unlawful acts

were taken in pursuit of inherently unlawful goals – namely, the theft of money from GEICO and other insurers through the submission of fraudulent no-fault charges. Id. See, e.g., Lyons, supra, 843 F. Supp. 2d at 369-370 (open-ended pattern sufficiently pleaded where, "[i]n light of the Complaint's allegations of fraudulent incorporation and of the very numerous and regular inflated billings, it is reasonable to infer that the PCs operated by defendants existed for criminal purposes"); Cohan, supra, 2009 U.S. Dist. LEXIS 125653 at *30 (open-ended pattern sufficiently pleaded where the pattern "continue[d] with the attempts by the Dental PCs to collect payment from the plaintiff"); State Farm Mut. Auto. Ins. Co. v. Kalika, 2006 U.S. Dist. LEXIS 97454 at *46 (E.D.N.Y. 2006) (open-ended pattern sufficiently pleaded where "defendants [were] seeking to collect additional amounts on claims submitted but not yet paid").  See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, 2015 U.S. Dist. LEXIS 13567; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431.

Second, even assuming that the PC Defendants –professional corporations which exist for the sole purpose of submitting fraudulent no-fault claims – could be considered "legitimate businesses", GEICO has alleged that the predicate acts of mail fraud are the regular way that the Defaulting Defendants operated the PC Defendants, and that the Defendants continue to seek collection on the fraudulent claims as part of their regular way of operating.

Specifically, the Complaint alleges that "[t]he predicate acts of mail fraud are the regular way in which Phillip and Dovlatyan operated [the PC Defendants], insofar as [the PC Defendants] never has been eligible to bill for or collect No-Fault Benefits, and acts of mail fraud therefore are essential in order for [the PC Defendants] to function." See Docket No. 1, ¶¶ 373, 400, 427, 454, 481, 507. Moreover, these allegations are not made in a vacuum – rather, they are the culmination of a series of allegations that specify why the PC Defendants never have been eligible to bill for or to collect no-fault benefits (see id. at ¶¶ 46-336), and which specify how the Defaulting Defendants participated in a pattern of using the PC Defendants

as vehicles to submit fraudulent no-fault claims while simultaneously attempting to conceal the fact of their ineligibility. See Id. Simply put, GEICO has satisfied the open-ended continuity requirement because its factual allegations establish that predicate acts of mail fraud are the regular way in which Phillip and Dovlatyan operated the PC Defendants.

Third, GEICO has alleged that "the intricate planning required to carry out and conceal the predicate acts of mail fraud implies a threat of continued criminal activity . . . ." See Docket No. 1, ¶¶ 373, 400, 427, 454, 481, 507. Again, these allegations are not made in a vacuum. Rather, they are the culmination of a series of allegations recounting how Phillip and Dovlatyan used the PC Defendants to submit large-scale fraudulent billing to GEICO and other insurers, while at the same time taking considerable steps to conceal the fact that the billing submitted through the PC Defendants was, or is, illegitimate. See Id. at ¶¶ 46-336. See also Weir Decl. at ¶¶ 5-12.

Accordingly, GEICO's substantive civil RICO Second, Sixth, Tenth, Fourteenth, Eighteenth, Twenty-Second causes of action are legally sufficient and default judgment should issue against Phillip and Dovlatyan in the total amount of $127,043.92 (Weir Decl., ¶¶ 5, 8-9).

### E.    GEICO is Entitled to Default Judgment Against Phillip and Dovlatyan on its Substantive RICO 18 U.S.C. § 1962(d) Conspiracy Causes of Action

The Second Circuit has summarized the requirements of a RICO conspiracy as follows:

> To establish a RICO conspiracy, the government must prove that a defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity. However, in Salinas v. United States, 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997), the Supreme Court made clear that to establish this pattern, the government need not prove that the defendant himself agreed that he would commit two or more predicate acts. ... a defendant need only know of, and agree to, the general criminal objective of a jointly undertaken scheme. ...
>
> It is well-settled that a conspirator need not be fully informed about his co-conspirators' specific criminal acts provided he agreed to participate in the broader criminal conspiracy and the acts evincing participation were not outside of the scope of the illegal agreement. "A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must

agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other." *Salinas*, 522 U.S. at 63-64 (internal citation omitted) ….

United States v. Yanotti, 541 F.3d 112, 121-22 (2d Cir. 2008); see also Morin v. Trupin, 835 F. Supp. 126 (S.D.N.Y. 1993).

Measured against the above standard, GEICO's RICO conspiracy claims against Phillip and Dovlatyan are legally sufficient. See Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Mirvis, supra, 2015 U.S. Dist. LEXIS 37780; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Hollis Medical Care, P.C., supra, 2011 U.S. Dist. LEXIS 130721, at *31-32; Valley Phys. Medicine, supra, 2009 U.S. Dist. LEXIS 91291, at *7; CPT Medical Servcs., P.C., supra, 2008 U.S. Dist. LEXIS 71156, at *14.

GEICO not only has alleged that Phillip and Dovlatyan, masterminded and agreed to participate in the schemes surrounding the PC Defendants, but that they each had knowledge - - as the nominal owners of the PC Defendants and key participants in the schemes - - of their roles and the roles in committing numerous predicate acts of mail fraud. See Docket No. 1, ¶¶ 380-381, 407-408, 434-435, 461-462, 488-489, 515-516, and passim.

**III.    GEICO is Entitled to Treble Damages on its RICO Claims**

Under the civil RICO statute, GEICO is entitled to recover treble damages. See 18 U.S.C. §1964(c). Accordingly GEICO should be awarded judgment in the amount of $381,131.76 on its RICO claims against Phillip and Dovlatyan, representing three times the actual amounts that GEICO paid in reliance on the billing that was submitted or caused to be submitted by or through the PC Defendants, all owned by Phillip and Dovlatyan. See Goldberg Decl., Exhibit "B"; Weir Decl. ¶¶ 4, 9. See also Badia, supra, 2015

U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Prescott, supra, 1:14-cv-00057(BMC); Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Damien, supra, 2011 U.S. Dist. LEXIS 13865; Allstate Ins. Co. v. Howell, 2013 WL 5447152 (E.D.N.Y. 2013).

**IV.**     **GEICO is Entitled to Pre-Judgment Interest on its Fraud Claims**

GEICO is entitled to pre-judgment interest against the Defaulting Defendants on its fraud claims. See Tosto v. Zelaya, 2005 U.S. Dist. LEXIS 8085 (S.D.N.Y. 2003). Under New York law, an award of pre-judgment interest on damages for fraud is mandatory. See Manufacturers Hanover Trust Co. v. Drysdale Sec. Corp., 801 F.2d 13, 28 (2d Cir.1986).

The award of prejudgment interest is a substantive issue, governed here by the state substantive law of the forum state in which the federal court sits, namely New York law. See Terwilliger v. Terwilliger, 206 F.3d 240, 249 (2nd Cir. 2000); Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999). The source of the right to pre-judgment interest in New York is set forth in N.Y. C.P.L.R. § 5001. Specifically, C.P.L.R. § 5001(b) states that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed". Furthermore, pre-judgment interest is calculated at the non-compounded rate of nine percent per annum. N.Y. C.P.L.R. §§ 5001(a), 5004. See also Infinity Health Prods., supra, 2012 U.S. Dist. LEXIS 58058. Here, it is suggested that interest be calculated from the first day following the year in which the payments were made on the fraudulent claims by GEICO to the Defaulting Defendants. See, e.g., American Home Assurance Co. v. Morris Industrial Builders, Inc., 192 A.D.2d 477, 597 N.Y.S.2d 27, 28 (2d Dept. 1993) (applying pre-judgment interest according to dates when payments made by insurer to its insured). This method is consistent with the purpose of pre-judgment interest, which is to "compensate plaintiffs for the use of funds that were wrongfully diverted by the defendant." Lewis v. S.L. & E., Inc., 831 F.2d 40 (2d Cir. 1987). GEICO's proposed pre-judgment interest calculation under this method (a method more

conservative than that permitted under the CPLR) totals $27,035.90 and is described in Exhibit "C" attached to the Goldberg Declaration. See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013) (Scanlon, J.).

## V.      The Court Should Impose Joint and Several Liability

The Complaint in this case alleges significant facts establishing that the Defaulting Defendants acted jointly and/or concurrently to produce a single injury, and as a result, should be held jointly and severally liable for GEICO's damages as alleged for each cause of action. See County of Suffolk v. Amerada Hess Corp., 447 F. Supp. 2d 289, 297 (S.D.N.Y. 2006); Ravo v. Rogatnick, 70 N.Y.2d 305, 520 N.Y.S.2d 533, 514 N.E.2d 1104 (1987). See also Prescott, supra, 1:14-cv-00057(BMC). The injury that GEICO suffered as a result of the scheme perpetrated by all the Defendants is indivisible and was caused by the coordinated activity of each. This should render them collectively liable for GEICO's damages. (See, Weir Decl. at ¶¶ 6-9, Exhibit "1" annexed thereto).

## VI.     The Court Should Impose Joint and Several Liability With Respect to GEICO's RICO Conspiracy Claims

Furthermore, the Court should impose joint and several liability on Phillip and Dovlatyan with respect to GEICO's RICO conspiracy claims. "In a RICO conspiracy, defendants are jointly and severally liable for all of the plaintiff's damages, *even those with which an individual defendant was not personally involved.*" Allstate Ins. Co. v. Khaimov, 2013 U.S. Dist. LEXIS 184872 (E.D.N.Y. 2013) (emphasis added). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224 (Scanlon, J.); Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180.[4]

---

[4] This Court has held that a defendant in default "may not invoke the benefits of the set-off rule." Godfrey v. Soto, 2007 U.S. Dist. LEXIS 103798 (E.D.N.Y. 2007) (windfall should not accrue to the benefit of the party who has refused to participate in litigation," as that would essentially "reward[] a defaulting defendant for its refusal to participate in the process of litigation. . . . [and] provid[e] a strong incentive for tortfeasors to ignore suits brought against them, in direct contravention of the policy interests underlying New York's law."). See also Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Simakovsky, 2015 U.S. Dist. LEXIS 13567. This should be the conclusion here.

## **CONCLUSION**

For the aforementioned reasons, GEICO's motion for default judgments against the Defaulting

Defendants should be granted as set forth herein.

Dated:   Uniondale, New York
         September 28, 2016

                                    Respectfully submitted,

                                    RIVKIN RADLER LLP

                            By:_____
                                    Barry I. Levy (BL 2190)
                                    Max Gershenoff (MG 4648)
                                    Ryan Goldberg (RG 7570)
                                    926 RXR Plaza
                                    Uniondale, NY 11556-0926
                                    RR File:  5100-981
                                    Tel.: (516) 357-3000
                                    Fax: (516) 357-3333

                                    *Counsel for Plaintiffs, Government Employees
                                    Insurance Co., GEICO Indemnity Co, GEICO
                                    General Insurance Company and GEICO
                                    Casualty Co.*

3502458 v1

25