UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,                                      Docket No.: 1:16-cv-4412 (FB)(SMG)

                        Plaintiffs,

                -against-


ROSE MARIE MONICA PHILLIP, M.D., et al.,

                        Defendants.

-----------------------------------------------------------X

## DECLARATION OF RYAN GOLDBERG

Ryan Goldberg, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

1.      I am an associate with the law firm of Rivkin Radler LLP and am counsel for

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO

General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or

"GEICO") in this action. I have personal knowledge of the facts set forth in this declaration, and

would testify as to them in a court of law if required to do so.

2.      I respectfully submit this declaration in further support of GEICO's motion for

entry of default judgment against Rose Marie Monica Phillip, M.D. ("Phillip"), Varuzhan

Dovlatyan, M.D. ("Dovlatyan"), Arisdov Medical, P.C. ("Arisdov"), Harmony Anesthesiology,

P.C. ("Harmony"), Medical One New York, P.C. ("Medical One"), Park Slope Medical One,

P.C. ("Park Slope One"), Park Slope Medical One Complete Services, P.C. ("Park Slope

Complete"), Jamaica Medical One, P.L.L.C. ("Jamaica Medical")(collectively "Defaulting

Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with

such other and further relief as the Court may deem just and proper.

      3.      Specifically, GEICO seeks a default judgment as follows:

      i.      on its First Cause of Action for Declaratory Relief against all Defaulting Defendants;

      ii.      on its Second Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

      iii.      on its Third Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

      iv.      on its Fourth Cause of Action for common law fraud against Medical One, Phillip and Dovlatyan;

      v.      on its Fifth Cause of Action for unjust enrichment against Medical One, Phillip and Dovlatyan;

      vi.      on its Sixth Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

      vii.      on its Seventh Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

      viii.      on its Eighth Cause of Action for common law fraud against Park Slope Medical, Phillip and Dovlatyan;

      ix.      on its Ninth Cause of Action for unjust enrichment against Park Slope Medical, Phillip and Dovlatyan;

      x.      on its Tenth Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

      xi.      on its Eleventh Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

      xii.      on its Twelfth Cause of Action for common law fraud against Arisdov, Phillip and Dovlatyan;

      xiii.      on its Thirteenth Cause of Action for unjust enrichment against Arisdov, Phillip and Dovlatyan;

xiv.  on its Fourteenth Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

xv.  on its Fifteenth Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

xvi.  on its Sixteenth Cause of Action for common law fraud against Park Slope Complete, Phillip and Dovlatyan;

xvii.  on its Seventeenth Cause of Action for unjust enrichment against Park Slope Complete, Phillip and Dovlatyan;

xviii.  on its Eighteenth Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

xix.  on its Nineteenth Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

xx.  on its Twentieth Cause of Action for common law fraud against Harmony, Phillip and Dovlatyan;

xxi.  on its Twenty-First Cause of Action for unjust enrichment against Harmony, Phillip and Dovlatyan;

xxii.  on its Twenty-Second Cause of Action for violation of 18 U.S.C. § 1962(c) against Phillip and Dovlatyan;

xxiii.  on its Twenty-Third Cause of Action for violation of 18 U.S.C. § 1962(d) against Phillip and Dovlatyan:

xxiv.  on its Twenty-Fourth Cause of Action for common law fraud against Jamaica Medical, Phillip and Dovlatyan;

xxv.  on its Twenty-Fifth Cause of Action for unjust enrichment against Jamaica Medical, Phillip and Dovlatyan. [1]

## I.   Relevant Facts

### A.   Procedural History

4.   GEICO commenced this action on August 8, 2016. See Docket No. 1.

---

[1] Please note that, in order to simplify this motion against the multiple defendants herein, GEICO is not seeking a default judgment on its Twenty-Sixth and Twenty-Seventh Causes of Action for RICO association in fact fraud, since the defaults under the other claims are sufficient redress for GEICO.

5.      True and correct copies of the Summons and Complaint were served on each of the Defaulting Defendants and proofs of service subsequently were filed with the Court via ECF. See Docket Nos. 7-14.

6.      Nonetheless, each of the Defaulting Defendants failed to timely appear or answer. Accordingly, the Clerk of the Court, on GEICO's motion, entered each of the Defaulting Defendants' defaults. See Docket Nos. 23-28, 30, 31.

**B.      An Overview of GEICO's Allegations Against the Defaulting Defendants**

7.      The Complaint describes the Defaulting Defendants' fraudulent scheme in great detail. See Docket No. 1, passim. As set forth more fully in the Complaint, this action seeks to recover more than $127,000.00 that the Defaulting Defendants, among others, wrongfully have stolen from GEICO since 2012 by submitting, and causing to be submitted, thousands of fraudulent bills through Arisdov, Harmony, Medical One, Park Slope Medical, Park Slope Complete and Jamaica Medical ("PC Defendants") relating to healthcare services that allegedly were provided to individuals involved in automobile accidents and eligible for coverage under GEICO automobile insurance policies (hereinafter "Insureds").

8.      In particular, GEICO alleges that:

(i)      the professional corporations served as vehicles through which fraudulent no-fault claims were submitted to GEICO – as well as other New York automobile insurers – for healthcare services allegedly provided to Insureds;

(ii)     the defendants established pre-determined fraudulent treatment protocols regardless of the actual medical needs of each individual Insured, to maximize the potential charges that they caused to be submitted to GEICO.

(iii)    the professional corporations submitted billing to GEICO and other insurers using billing codes for the Fraudulent Services that misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO;

(iv)   the Fraudulent Services were provided – to the extent that they were provided at all – pursuant to illegal kickback and self-referral arrangements amongst the Defendants and others;

(v)   the Fraudulent Services – to the extent that they were provided at all – were provided by independent contractors, rather than by the Defendants or their employees; and

(vi)   the defendants submitted charges for facility fees in connection with the Fraudulent Services when they knew they were not entitled to reimbursement for such charges.

See Docket No. 1, passim.

9.      In addition to seeking recovery of the more than $127,000.00 that GEICO paid in reliance on the Defendants' fraudulent billing, GEICO sought a declaration that it was not obligated to pay more than $600,000.00 in pending fraudulent claims submitted by or on behalf of the PC Defendants seeking payment for the fraudulent services. See Docket No. 1, ¶¶ 362-369, and passim.

**C.      Investigation Pursuant To Service Members Civil Relief Act (50 U.S.C. § 521)**

10.      Pursuant to the requirements of 50 U.S.C. § 521(b), I have made a careful investigation into whether Phillip and Dovlatyan are in the military by seeking a certificate from the United States Department of Defense Manpower Data Center. The certificates, annexed as Exhibit "A" to this Declaration, indicate that Phillip and Dovlatyan do not currently serve in the United States military.

11.      As a result of my investigation, I can state that Phillip and Dovlatyan are not in military service.

**II.      GEICO's Damages**

12.      Annexed hereto, as Exhibit "B", is the Declaration of Robert Weir, GEICO's Claims Manager, and an accompanying Tax Identification Run ("TIN Run"), Claim Run, and

Litigation Run, which set forth the total amounts that GEICO voluntarily paid in reliance on the Defendants' fraudulent billing, as well as the total amount of unpaid claims that currently are in dispute amongst the parties.

13.     Based on the TIN Run, the Claim Run, and the Litigation Run, the damages attributable to GEICO's voluntary payments to the Defendants are $127,043.92. Specifically:

A.     $32,227.93 to Arisdov;

B.     $7,927.39 to Harmony;

C.     $14,775.79 to Medical One;

D.     $4,126.08 to Park Slope Complete; and

E.     $67,986.73 to Jamaica Medical.

The total amount of unpaid claims that currently are in dispute amongst the parties is $5,262,794.98.

## IV.   Interest

14.     Pursuant to C.P.L.R. §§ 5001 and 5004, GEICO submits that it is entitled to pre-judgment interest at the rate of 9% per annum in the amounts set forth in the chart which is annexed hereto as Exhibit "C". The interest has been proposed using a calculation method less advantageous to GEICO, but easier for the Court to evaluate and calculate. Specifically, the interest was calculated at 9% per annum using the start date of January 1 of the year following the year in which the payments were made through and including September 30, 2016 (an estimated judgment entry date).

**V.     No Prior Request for This Relief**

15.     No prior request for the relief sought by GEICO has been made to this Court or any other tribunal.

**VI.    Proposed Default Judgment**

16.     A proposed Default Judgment is annexed hereto as Exhibit "D".

**VII.   Certificate of Mailing**

17.     Pursuant to Local Civil Rule 55.2(c), I hereby certify that the papers submitted in support of this motion have been mailed to the Defaulting Defendants at their last known addresses. Specifically:

**Rose Marie Monica Phillip, M.D.**
851 Saint Marks Avenue
Brooklyn, NY 11213

**Varuzhan Dovlatyan, M.D.**
108 Dimmig Road
Upper Saddle River, NJ 07458

**Arisdov Medical, P.C.**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

**Harmony Anesthesiology, P.C.**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

**Medical One New York, P.C.**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

**Park Slope Medical One, P.C.**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

**Park Slope Medical One Complete Services, P.C.**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

**Jamaica Medical One, PLLC**
c/o New York Secretary of State
41 State Street
Albany, NY 12231

Uniondale, NY
September 28, 2016



Ryan Goldberg (RG 7570)

3502268v1