UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE        Docket No. 16-CV-04412
COMPANY, et al.
        *Plaintiffs*

    - against –

ROSE MARIE MONICA PHILLIP , M.D., et al.,

        *Defendants*
-----------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE THE CERTIFICATES OF DEFAULT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

                                              GARY TSIRELMAN, PC
                                              129 Livingston Street
                                              2nd Floor
                                              Brooklyn, NY  11201
                                              (718) 438-1200
                                              *Counsel for Defendants*


# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF RELEVANT FACTS .................................................. 2

ARGUMENT ............................................................................................ 4

    I.    Legal Standard for a Motion to Vacate Default and Opposition to Default Judgment ............................................................................. 4

    II. Defendants Did Not Willfully Default .............................................. 5

    III.   Defendants Have Meritorious Defenses ....................................... 7

        a. Defendants Raise Factual Issues for Adjudication ..................... 8

        b. Specific Defenses to Plaintiffs' Claims Regarding Billing for Facility Fees ................................................................................ 10

        c. Specific Defenses to Plaintiffs' Claims Regarding Billing for Independent Contractors ............................................................. 11

    IV.   Plaintiffs Will Suffer No Prejudice Should Defendants' Motion be Granted ......................................................................................... 12

Conclusion ................................................................................................ 13

# **TABLE OF AUTHORITIES**

Federal Cases

Addison v. Reitman Blacktop, Inc.
272 F.R.D. 72 (E.D.N.Y. 2010) .................................................................................................. 4

Am. Alliance Ins. Co., Ltd., v. Eagle Ins. Co.
92 F.3d 57 (2d Cir. 1996) ..................................................................................................... 5, 7

Arthur F. Williams, Inc., v. Helbig
208 F.R.D. 41 (E.D.N.Y. 2002) .................................................................................................. 5

Brien v. Kullman Indus., Inc.
71 F.3d 1073 (2d Cir. 1995) ....................................................................................................... 7

Bynog v. Cipriana Group, Inc.
1 N.Y.3d 193 (N.Y. 2003) ........................................................................................................ 11

Cody v. Mello
59 F.3d 13 (2d Cir. 1995) ........................................................................................................... 5

Deboissiere v. Am. Modification Agency
No. 09-CV-2316 (JS)(MLO), 2010 U.S. Dist. LEXIS 113776 (E.D.N.Y. Oct. 22, 2010)
 ................................................................................................................................................. 11

Enron Oil Corp. v. Diakuhara
10 F.3d 90, 96 (2d Cir. 1993) ................................................................................................ 4, 6

Franco v. Ideal Mortg. Bankers, Ltd.
 No. CV 07-3956 (JS) (AKT), 2010 U.S. Dist. LEXIS 98916 (E.D.N.Y. Aug. 23, 2010)
 ............................................................................................................................................... 8, 9

HICA Educ. Loan Corp. v. Feintuch
No. 12-CV-5243 (ADS), 2013 U.S. Dist. LEXIS 65058 (E.D.N.Y. May 7, 2013).... 8, 12

Keegel v. Key West & Caribbean Trading Co., Inc.
627 F.2d 372 (D.C. Cir. 1980) ................................................................................................... 7

Meehan v. Snow
652 F.2d 274 (2d Cir. 1981) .................................................................................................. 4, 5

Murray Eng'g, P.C. v. Windermere Props. LLC
2013 U.S. Dist. LEXIS 61877 (S.D.N.Y. Apr. 30, 2013) ............................................. 12

New York v. Green
420 F.3d 99 (2d Cir. 2005) ............................................................................................ 5

Pall Corp. v. Entegris, Inc.
 249 F.R.D. 48(E.D.N.Y. 2007) ................................................................................. 5, 7

Pecarsky v. Galaxiworld.com, Ltd.
 249 F.3d 167 (2d Cir. 2001) ........................................................................................ 4

Sacks v. Deutsche Bank Nat'l Trust Co.
No. 12-CV-6338 (LDW)(SIL), 2016 U.S. Dist. LEXIS 108773 (E.D.N.Y. Aug. 15,
    2016) ......................................................................................................................... 7

United States CFTC v. Musorofiti
No. CV-05-3917 (ARR) (JMA), 2007 U.S. Dist. LEXIS 101379 (E.D.N.Y. July 17,
    2007) ......................................................................................................................... 7

Velu v. Velocity Exp.., Inc.
666 F.Supp.2d 300 (E.D.N.Y. 2009) ........................................................................... 11

W.B. David & Co. v. De Beers Centenary AG
507 F. App'x 67 (2d Cir. 2013) ..................................................................................... 7

Walden v. Lorcom Techs.
No. 05-CV-3600 (ARR) (RER), 2007 U.S. Dist. LEXIS 101365 (E.D.N.Y. Jan. 31,
    2007) ....................................................................................................................... 12

Weisel v. Pischel
197 F.R.D. 231, 239 (E.D.N.Y. 2000) .................................................................... 7, 13


State Cases

Gov't Empls. Ins. Co. v. Avanguard Med. Grp. PLLC
2012 N.Y. Misc. LEXIS 2369 (Sup. Ct. Nassau 2012) ............................................... 10

Gov't Emps. Ins. Co. v. Avanguard Med. Grp., PLLC
27 N.Y.3d 22 (N.Y. 2016) ........................................................................................... 10

Rules
Federal Rule of Civil Procedure 55(c) ..................................................................... 4, 5

## PRELIMINARY STATEMENT

An entry of default and subsequent default judgment against Defendants Rose Marie Monica Phillip, M.D., Dr. Varuzhan Dovlatyan, M.D., Arisdov Medical, P.C., Harmony Anesthesiology, P.C., Medical One New York, P.C., Park Slope Medical One, P.C., Park Slope Medical One Complete Services, P.C., and Jamaica Medical One, P.L.L.C., (collectively, "Defendants") would violate notions of fairness and justice and the fundamental principle that lawsuits be resolved on the merits of the claims. Defendants were not willful or deliberate in their failure to respond to Plaintiffs' allegations. Defendants' failure to respond were the result of their attempts to secure counsel to defend the suit and due to the time it took to resolve counsel's conflict of interest stemming from its representation of a plaintiff in a separate, minor breach of contract suit against some of the Defendants.

Plaintiffs cannot establish their entitlement to an entry of default. Not only was Defendants' delay in responding not deliberate or willful, Plaintiffs will not be prejudiced should the entry of default be vacated. Defendants also are able to present meritorious defenses against Plaintiffs' scattershot accusations that Defendants submitted fraudulent No-Fault bills to Plaintiffs. The entry of default against Defendants must be vacated and Plaintiffs' motion for default judgment must be denied because the principles of justice and truth-seeking require adjudication of legal disputes on their merits rather than on procedure.

1

Plaintiff automobile insurers seek in excess of $300,000.00 based upon a cornucopia of allegations amounting to, in essence, that Defendants never have had any right to collect on their bills for services rendered to Plaintiffs' insureds. *See, e.g.,* Compl. ¶¶2, 367, and Pltfs. Motion ECF No 32-1 at 22.

## STATEMENT OF RELEVANT FACTS

Defendants are doctors and professional corporations that treat patients for a variety of injuries, although the case at bar concerns bills submitted to Plaintiffs under New York No-Fault laws and regulations for treatment provided to victims of automobile accidents who were insured or otherwise covered by Plaintiff automobile insurance companies. Upon service of the Complaint, allegedly between August 12 and August 17, 2016, and receipt by the Defendants, Defendants attempted to reach an agreement to extend their time to answer with Plaintiffs. Dovlatyan Decl ¶¶6-14, Phillip Decl. ¶¶6-14. Additionally, Defendants were not able to obtain counsel until after their initial time to respond had expired and the Court had granted Plaintiffs' requests for certificates of default. Id. Because time was of the essence, Gary Tsirelman, Esq., attempted to reach a good-faith agreement with Plaintiffs to vacate the certificates of default, extend Defendants' time to answer, and to proceed with the case, either to a mutually agreeable settlement or to adjudication on the merits before Defendants had formally retained his firm. Tsirelman Decl. ¶8, Pltfs. Opp., ECF No. 38 at 2. Plaintiffs rejected these efforts out of hand. *Id.*

2

Mr. Tsirelman and Plaintiffs thereafter discussed formal retainer because it was clear a motion to vacate the clerk's entry of default would become necessary. Tsirelman Decl. ¶¶9-12, Dovlatyan Decl. ¶15, Phillip Decl. ¶15. Defendants and Mr. Tsirelman discussed the specifics of retaining Gary Tsirelman, P.C., in the days following Mr. Tsirelman's communication with Plaintiffs. Tsirelman Decl. ¶¶9-10, Dovlatyan Decl ¶¶16-17, Phillip Decl. ¶¶16-17. Plaintiffs subsequently filed the instant motion for default judgment less than a month after Defendants' time to respond to the Complaint had expired. *Id.*

Unfortunately, Mr. Tsirelman was frequently unavailable during the first two weeks of October due to his observance of the Jewish High Holidays, which delayed finalization of the retainer agreement. Tsirelman Decl. ¶11. Mr. Tsirelman and Defendants finalized the substance of their agreement on October 14, 2016. Tsirelman Decl. ¶12, Dovlatyan Decl ¶18, Phillip Decl. ¶18. However, on October 17, 2016, Mr. Tsirelman discovered a conflict of interest stemming from his representation of a Plaintiff in a minor breach of contract suit seeking damages from Defendants Park Slope Medical One, P.C., and Medical One New York, P.C. Tsirelman Decl. ¶14. Mr. Tsirelman immediately informed Defendants of the conflict, and sought to resolve it. Tsirelman Decl. ¶15. The conflict of interest was resolved by November 1, 2016. Tsirelman Decl. ¶16, Dovlatyan Decl ¶22, Phillip Decl. ¶22. Defendants formally retained Gary Tsirelman, P.C., on November 7, 2016, and counsel immediately moved to extend time to oppose Plaintiffs' motion for default judgment. ECF No. 37.

3

# ARGUMENT

## I.   Legal Standard for a Motion to Vacate Default and Opposition to Default Judgment

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." What constitutes good cause under the Rule is in the discretion of the Court, although courts in the Second Circuit routinely consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 77 (E.D.N.Y. 2010) ("In determining whether good cause exists to set aside an entry of default, courts should consider: (1) the willfulness of the default; (2) the existence of a meritorious defense; and (3) the level of prejudice that the non-defaulting party may suffer should relief be granted.") (internal quotations omitted). Courts may furthermore consider "other relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Furthermore, it is a bedrock principle of the United States court system that "default judgments are disfavored," and that courts have a "clear preference [] for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001). The Second Circuit has explicitly stated that dismissal via default is a "harsh remedy to be utilized only in extreme situations." Cody v. Mello,

59 F.3d 13, 13 (2d Cir. 1995) see also Arthur F. Williams, Inc., v. Helbig, 208 F.R.D. 41, 43-44 (E.D.N.Y. 2002) (holding that an entry of default judgment must remain a "weapon of last, rather than first resort"). Thus, "all doubts must be resolved in favor of the party seeking relief" from default. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). Furthermore, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).

## II. Defendants Did Not Willfully Default

Defendants' failure to answer Plaintiffs' Complaint was not willful but rather the result of delays in retaining counsel. Willfulness requires conduct by a defendant that is more than mere negligence or carelessness. Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 55 (E.D.N.Y. 2007). Rather, the defendants conduct must be deliberate, "egregious," and unexplained to be found willful. Id.; Green, 430 F.3d at 108; Am. Alliance Ins. Co., Ltd., v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996) (holding that a finding of willfulness is appropriate when there is "evidence of bad faith" or if the default was caused by "egregious or deliberate conduct"). Furthermore, the Second Circuit has held that "careless or negligent errors" do not amount to willfulness. Am. Alliance Ins. Co., Ltd., 92 F.3d at 61.

As set forth in the accompanying declarations of Defendants Varuzhan Dovlatyan, M.D., Rose Marie Monica Phillip, M.D., and Gary Tsirelman, Esq., the default in this matter was the result of a series of delays in Defendants' retaining

5

the counsel of their choice. Indeed, counsel attempted to extend Defendants' time to answer Plaintiffs' one-hundred and thirty page Complaint within a week of the clerk's entries of default. Tsirelman Decl. ¶¶3-7. Plaintiffs have admitted that counsel contacted them and that they rejected Defendants' request to extend time to answer. Pltfs. Opp., ECF No. 38 at 2. Plaintiffs shortly thereafter filed the instant motion.

Defendants delay in responding to Plaintiffs motion is the direct result of counsel's unavailability and the discovery and subsequent resolution of a potential conflict of interest. Tsirelman Decl. ¶¶9-16. At no time was Defendants' delay in responding to Plaintiffs' Complaint egregious or deliberate; from the time they became aware of this suit, Defendants have intended to fulfill their obligations as litigants. See Enron, 10 F.3d at 98 (holding that a defendant's good faith effort to participate in the litigation was sufficient to demonstrate lack of willfulness). Once counsel had resolved its potential conflict of interest, and Defendants finalized the representation agreement, Defendants immediately moved to extend time to oppose the instant motion. Tsirelman Decl. ¶¶16-18. Additionally, Defendants attach a proposed Answer to Plaintiffs' Complaint to these papers and request permission to file same within 3 business days of the Court's decision to vacate the entries of default.

Defendants' delay in answering was thus not willful. However, even if the Court were to consider Defendants' default to be willful, Defendants are still entitled to vacatur of the entry of default due to its meritorious defenses and the

6

lack of prejudice to Plaintiffs. See W.B. David & Co. v. De Beers Centenary AG, 507 F. App'x 67, 70 (2d Cir. 2013) (holding that a finding of willfulness alone does not require a court to let an entry of default stand because of the strong policy in favor of adjudication on the merits) (citing Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995)).

### III. Defendants Have Meritorious Defenses

Defendants need not establish a defense conclusively to make a sufficient showing of a meritorious defense. Pall Corp., 249 F.R.D. at 56. Indeed, "[t]o satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the fact-finder some determination to make." Am. Alliance Ins. Co., Ltd., 92 F.3d at 61. Defendant's defenses are "'meritorious if they contain "even a of a suggestion" which, if proven at trial, would constitute a complete defense.'" Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 374 (D.C. Cir. 1980)); see also Pall Corp., 249 F.R.D. at 56. In sum, "[e]stablishing a meritorious defense 'is not a stringent burden.'" Sacks v. Deutsche Bank Nat'l Trust Co., No. 12-CV-6338 (LDW)(SIL), 2016 U.S. Dist. LEXIS 108773, at *28 (E.D.N.Y. Aug. 15, 2016) (citing United States CFTC v. Musorofiti, No. CV-05-3917 (ARR) (JMA), 2007 U.S. Dist. LEXIS 101379, at *4 (E.D.N.Y. July 17, 2007)).

### a. Defendants Raise Factual Issues for Adjudication

Plaintiffs' causes of action sound in fraud, RICO, and unjust enrichment, although are all based on factual allegations that boil down to four main categories; (i) that Defendants did not perform the services for which they billed Plaintiffs or, if they did, such treatments were not medically necessary; (ii) that Defendants incorrectly billed Plaintiffs; (iii) that Defendants paid third parties for referrals or to recruit patients; and (iv) that Defendants billed Plaintiffs for services provided by independent contractors.

It is well-established that when a defaulting defendant makes factual assertions that, if true, would defeat plaintiff's claim, that defendants has established a meritorious defense. See HICA Educ. Loan Corp. v. Feintuch, No. 12-CV-5243 (ADS), 2013 U.S. Dist. LEXIS 65058, at *13 (E.D.N.Y. May 7, 2013). In Feintuch, the pro se debtor defendant's mere assertion that he had reached a forbearance arrangement with plaintiff creditor was sufficient to establish a meritorious defense absent any other evidence. Id. This holds true for represented parties as well, as shown in Franco v. Ideal Mortg. Bankers, Ltd., No. CV 07-3956 (JS) (AKT), 2010 U.S. Dist. LEXIS 98916, at *10 (E.D.N.Y. Aug. 23, 2010), in which the court found that the assertion of affirmative defenses that are neither fully explained and that may not even be feasible is sufficient to establish a meritorious defense. It is thus clear that the evidentiary standard to establish a meritorious defense sufficient to vacate an entry of default is low. See Yan v. Bocar, 2005 U.S. Dist. LEXIS 28390, at *47 (S.D.N.Y. Sep. 8, 2005) (holding that a personal injury

8

defendant's assertions denying that the subject automobile accident did not occur absent any further evidence was sufficient to support setting aside the entry of default).

Here, Defendants provide lengthy and detailed declarations, complete with supporting documents, asserting facts that, if proven at trial, would constitute a complete defense to Plaintiffs' allegations of fraudulent billing, providing medically unnecessary services, and acquiring patients through the payment of kickbacks. See Ideal Mortg. Bankers, Ltd., LEXIS at *10. Specifically, as set forth in the accompanying declarations of Defendants Dr. Phillip and Dr. Dovlatyan, every service for which Defendants billed Plaintiffs was both medically necessary and correctly billed. Phillip Decl. passim., Dovlatyan Decl. passim. Furthermore, both Defendants, who are the joint owners of the Defendant professional corporations, testify that they never paid or received any money or other consideration in exchange for patients or patient referrals. Phillip Decl. ¶71, Dovlatyan Decl. 71.

Furthermore, Defendants attach a Proposed Answer to their papers which raise a number of affirmative defenses, including that Plaintiffs have failed to state a claim upon which relief can be granted and that Defendants lack the requisite mens rea or scienter to be found liable for the alleged fraud underlying Plaintiffs' claims. Defendants' assertion of such affirmative defenses are sufficient to establish a meritorious defense in this matter.

9

### b. Specific Defenses to Plaintiffs' Claims Regarding Billing for Facility Fees

Plaintiffs claim that Defendants improperly billed for facility fees, amounting to the commission of common law fraud and/or mail fraud under 18 U.S.C. § 1347. Compl. ¶¶ 327-36. Plaintiffs even cite a decision from the New York Court of Appeals holding that office-based surgery providers are not entitled to collect facility fees under No-Fault law and regulations. Gov't Emps. Ins. Co. v. Avanguard Med. Grp., PLLC, 27 N.Y.3d 22 (N.Y. 2016). Plaintiffs omit the fact that, prior to the decision by the Court of Appeals in Avanguard, the law was not settled as to whether such fees were reimbursable. Indeed, the Avanguard decision itself makes clear that the trial court from which the appeal was taken had decided that such fees were in fact reimbursable and denied the plaintiff's motion for summary judgment on those grounds. Gov't Empls. Ins. Co. v. Avanguard Med. Grp. PLLC, 2012 N.Y. Misc. LEXIS 2369 (Sup. Ct. Nassau 2012); Avanguard Med. Grp.,PLLC, 27 N.Y.3d at 25.

Plaintiffs further admit that Defendants, here, have not billed for facility fees since the Court of Appeals decision earlier this year. Compl. ¶330; Exhibits to the Compl. 1, 2, and 4. Plaintiffs cannot now claim that Defendants' prior billing was fraudulent when New York law was unsettled as to whether those fees are reimbursable. Defendants have not, nor do they plan in the future, to submit any billing for facility fees so long as they remain office-based surgery providers. As stated in the attached declaration, Defendants submitted bills for facility fees to insurers based on the advice of its attorneys at the time. Phillip Decl. ¶71,

Dovlatyan Decl. 71. Because the state of the law was uncertain when the Defendants billed for facility fees, Defendants possess a meritorious defense to Plaintiffs' claims regarding improper billing for facility fees.

### c. Specific Defenses to Plaintiffs' Claims Regarding Billing for Independent Contractors

Plaintiffs claim that Defendants submitted bills for work done by independent contractors rather than employees. Compl. ¶¶337-47. In order to determine whether or not any given employee of a Defendant is or was an independent contractor, the fact-finder would have to examine a number of factors under the New York Labor Law. Specifically, the fact-finder must examine whether the employee "(1) worked at his own convenience; (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule." Deboissiere v. Am. Modification Agency, No. 09-CV-2316 (JS)(MLO), 2010 U.S. Dist. LEXIS 113776, at *7 (E.D.N.Y. Oct. 22, 2010)(citing Bynog v. Cipriana Group,Inc., 1 N.Y.3d 193, 198 (N.Y. 2003) and Velu v. Velocity Exp.., Inc., 666 F.Supp.2d 300, 307-08 (E.D.N.Y. 2009)). This is a fact-intensive analysis.

Here, Defendants' repeatedly assert that the services for which they billed Plaintiffs were performed by physicians or professional staff employed by Defendants. See, e.g., Phillip Decl. ¶¶46, 55, Dovlatyan Decl. ¶¶46, 55. Defendants' declarations further establish close supervision and control of their employees' day-to-day activities. Phillip Decl. passim, Dovlatyan Decl. passim. Thus, the

11

declarations submitted by Defendants, as well as the Proposed Answer, establish a meritorious defense for the purpose of vacating an entry of judgment that Defendants billed for the work of employees rather than independent contractors.

## IV. Plaintiffs Will Suffer No Prejudice Should Defendants' Motion be Granted

The final factor courts consider when ruling on a motion to vacate an entry of default is "whether the party who obtained the certificate of default would be prejudiced if the Court granted the motion to vacate." Feintuch, LEXIS at *13. "In order to show the requisite level of prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." Murray Eng'g, P.C. v. Windermere Props. LLC, 2013 U.S. Dist. LEXIS 61877, at *15 (S.D.N.Y. Apr. 30, 2013). Moreover, "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in a loss of evidence, create increased difficulties of discovery, or provide greater opportunities for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citing 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil, § 2693 at 536-37 (1983)). Essentially, "[l]egal prejudice occurs when the non-defaulting party's ability to proceed with its case has been impaired." Walden v. Lorcom Techs., No. 05-CV-3600 (ARR) (RER), 2007 U.S. Dist. LEXIS 101365, at *10 (E.D.N.Y. Jan. 31, 2007). Plaintiffs here have demonstrated no prejudice that may not be addressed by further proceedings before this Court.

12

Defendants requested permission to submit the instant papers within several weeks after default was entered, and such swiftness is a factor in determining whether Plaintiffs would suffer any prejudice. See, e.g., Weisel, 97 F.R.D. at 239 (holding that a delay of a month weighed in favor of finding no prejudice to plaintiffs). Furthermore, on August 19, 2016, the Court had scheduled an initial conference in this matter for December 6, 2016, meaning no discovery plan would have been certified until that date and no discovery would have likely yet been exchanged. At this point, should the motion be granted, the delay has been caused by Plaintiffs insistence that Defendants make the instant motion.

## Conclusion

Based on the foregoing, Defendants request that the entries of default against them be vacated, that the Court accept the attached Proposed Answer, and that Plaintiffs' motion for a default judgment be denied.

Dated:  Brooklyn, NY  
December 9, 2016

GARY TSIRELMAN, P.C.  
BY:  */s/ Nicholas Bowers*  
_____  
Nicholas Bowers, Esq.  
Gary Tsirelman, Esq.  
129 Livingston Street  
2nd and 3rd Floors  
Brooklyn, NY  11201  
(718)438-1200

13